BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | 2:15-MC-00044-TLN-DAD |
|---|---|
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $23,700.00 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On November 24, 2014, in accordance with the San Joaquin Electronic Monitoring Program, San Joaquin Sheriff's deputies searched the residence of John Clifford Davidson at 1382 Evergreen Way, Tracy, California.  The deputies located the defendant currency and seized it as proceeds of drug trafficking.  On September 29, 2014, arrested Davidson for possession of methamphetamine for sale as officers found 65.4 grams of methamphetamine, scales, packaging materials and pay/owe sheets at the time of the arrest.

2. The Drug Enforcement Administration ("DEA") commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others.  On or about February 23, 2015, the DEA received a claim from John Clifford Davidson asserting an ownership interest in the defendant currency.

3. The United States represents that it could show at a forfeiture trial that on or about September 29, 2014, Davidson was arrested for possession of methamphetamine for sale as officers found 65.4 grams of methamphetamine, scales, packaging materials and pay/owe sheets at the time of the arrest in Davidson's residence.

4. The United States represents that it could show at a forfeiture trial that on November 24, 2014, in accordance with the San Joaquin Electronic Monitoring Program, San Joaquin Sheriff's deputies searched the residence of John Clifford Davidson at 1382 Evergreen Way, Tracy, California and seized the defendant currency.

5. The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

6. Without admitting the truth of the factual assertions contained in this stipulation and for the purpose of reaching an amicable resolution and compromise of this matter, John Clifford Davidson agrees that an adequate factual basis exists to support forfeiture of the defendant currency. John Clifford Davidson hereby acknowledges that they he is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, John Clifford Davidson shall hold harmless and indemnify the United States, as set forth below.

7. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

8. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

9. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

10. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

Consent Judgment of Forfeiture

11. Upon entry of the Consent Judgment of Forfeiture, $3,700.00 of the Approximately $23,700.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

12. Upon entry of the Consent Judgment of Forfeiture, but no later than 60 days thereafter, $20,000.00 of the Approximately $23,700.00 in U.S. Currency, shall be returned to potential claimant John Clifford Davidson through his attorney Bradford Weston, III.

13. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. John Clifford Davidson waives the provisions of California Civil Code § 1542.

14. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

15. All parties will bear their own costs and attorney's fees.

16. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant funds.

IT IS SO ORDERED.

Dated:  September 21, 2015

_____
Troy L. Nunley
United States District Judge

3

Consent Judgment of Forfeiture